IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JOHN MCCULLOUGH,<br><br>        Plaintiff,<br><br>    vs.<br><br>ASSET ACCEPTANCE, LLC, and<br>SUTTELL, HAMMER, & WHITE, P.S..,<br><br>        Defendant. | NO.<br><br>COMPLAINT FOR VIOLATIONS OF 15<br>U.S.C. § 1692 ET SEQ. AND RCW<br>CHAPTER 19.16 |

COMES NOW Plaintiff John McCullough, by and through counsel, who alleges:

## I.   PARTIES AND JURISDICTION

1.   Plaintiff John McCullough is an individual who resides in King County, Washington State.

2.   Defendant Asset Acceptance, LLC ("Asset Acceptance"), a Delaware Limited Liability Company, is a debt collector and collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from the Plaintiff. Asset Acceptance's registered agent is Corporation Service Company, 300 Deschutes Way SW Suite 304, Tumwater, WA 98501.

Complaint - 1

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

3.    Defendant Asset Acceptance first obtained their Washington State Collection Agency license on September 18, 2013

4.    Defendant Suttell, Hammer, & White P.S. ("SHW") is a Washington State based law firm who repeatedly attempted to collect an alleged debt from the Plaintiff.  Its registered agent is Karl A. Weiss, 601 Union Street Suite 2600, Seattle, WA 98101-2302.

5.    Defendant SHW is also known as Suttell & Hammer, P.S.

6.    Defendant SHW first obtained their Washington State Collection Agency license on October 10, 2012.

7.    Jurisdiction over Defendants is proper as Defendants are doing business in Washington State and all relevant actions occurred in King County, Washington

## II.  FACTS

8.    In 2008, Defendants brought suit against Plaintiff in Snohomish County Superior Court, case no. 08-2-07495-0 for an alleged debt (hereafter referred to as the "collection lawsuit").  No information about the debt was given in the complaint beyond a demand for money.

9.    Allegedly, on or about June 8, 2008, an individual process server identified only as "B. Munro" executed an affidavit of service.  *See* **Exhibit A**.  According to the affidavit, John C. McCullough was served with the collection lawsuit by leaving a copy with his wife, Theresa A. McCullough at 23825 15th Ave. S.E. #320, Bothell, WA 98021 in Snohomish County.

10.    The aforementioned affidavit could not possibly be correct, however, as neither Plaintiff nor his wife ever resided at that address.

11.    Additionally, the aforementioned affidavit was executed in a matter in which "FIA CARD SERVICES NA" was listed as the plaintiff, even though the collection lawsuit was

Complaint - 2

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1  captioned in the name of Asset Acceptance, LLC.

2      12.    Accordingly, John C. McCullough, Plaintiff herein, never received any notice of

3  the collection lawsuit.

4      13.    Nonetheless, Defendants pursued a default judgment in the collection lawsuit and

5  obtained a judgment for $8,576.32 on October 30, 2008.

6      14.    In support of the motion for default judgment, Defendants submitted an affidavit,

7  signed by an illegible name, purportedly from the office of Defendant Asset Acceptance, which

8  stated that the account (the subject of the collection lawsuit) was "originally with

9  WASHINGTON MUTUAL/ [sic]" and "has been purchased by ASSET ACCEPTANCE, LLC."

10  The affidavit claimed $7,224.74 was "owing on the account." *See* **Exhibit B**. The affidavit was

11  not incorporated with the motion in any meaningful way, and was not referenced by declaration

12  or pleading. Furthermore, the affiant did not identify Plaintiff, Plaintiff's wife, or any person at

13  all as the alleged obligor on the account.

14      15.    Also lumped into the motion for default judgment (though not referenced by the

15  above affidavit or by any declaration or pleading) was a fuzzy copy of a single page of a

16  purported billing statement from Providian Processing Services to Mr. McCullough. *See* **Exhibit**

17  **C**. Also appended was a "Providian Financial" Account Agreement, which appears to have

18  applied to Providian National Bank Visa accounts.

19      16.    The motion for default judgment also sought $650.00 in attorney's fees, despite

20  offering no authority for such an award of fees in that amount.

21      17.    After entry of the default judgment on October 30, 2008, no action occurred in the

22  collection lawsuit for nearly five years. Plaintiff was still unaware of the existence of the

23  lawsuit.

Complaint - 3

**ANDERSON LAW OF
KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

18. In September 2013, Defendants submitted (in the collection lawsuit) a declaration for writ of garnishment on a bank account, claiming "reason to believe" that John McCullough had an account at Bank of America in amounts "exceeding those exempt from garnishment by any state or federal law." By this time, the judgment balance had allegedly reached $12,830.41. The declaration contained no certificate of service upon John McCullough.

19. In October 2013, Bank of America responded, stating that it held $4,865.86 on behalf of John McCullough.

20. Over one month after Bank of America responded, on November 18, 2013, an employee of SHW attested under penalty of perjury that on October 10, 2013, a certified copy of the statutorily-required documents incident to garnishment were mailed to John McCullough at 1321 187th CT NE, Redmond, WA 98172. *See* **Exhibit D**.

21. On information and belief, no certified mail receipt was filed with the court.

22. John McCullough has never lived at 1321 187th CT NE, Redmond, WA 98172.

23. Nevertheless, on December 2, 2013, Defendants sought disbursement of all of the funds held by Bank of America, and the imposition of $389.13 in costs against John McCullough.

24. Exactly one month later, on January 2, 2014, Defendants submitted a second application for a bank garnishment, which included a declaration that "reason to believe" that John McCullough had an account at Bank of America in amounts "exceeding those exempt from garnishment by any state or federal law." *See* **Exhibit E**.

25. On information and belief, no investigation was done by Defendants which would cause them to have any knowledge or belief that Bank of America would have additional nonexempt funds which would have been replenished over the course of one month.

Complaint - 4

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

26.     On January 30, 2014, Bank of America again responded to the garnishment, stating that it held $33.57 on behalf of John McCullough.

27.     Meanwhile, John McCullough was shocked to find that funds were missing from his account at Bank of America. Having still not been served with the collection lawsuit, nor having been given any notice at all regarding the existence of the collection lawsuit, John McCullough was shocked that this could happen. He began contacting Bank of America to determine why his funds were missing, and, unfortunately, the customer service representatives had no explanation or meaningful insight as to what had happened.

28.     Although frustrated and upset, John McCullough did not know what to do about his missing money.

29.     The next action in the collection lawsuit was the filing of a declaration of mailing by a SHW employee. The declaration, signed under penalty of perjury on July 9, 2014, claimed in passive voice that the required garnishment paperwork was sent to Mr. McCullough on January 24, 2014, nearly six months prior to the execution of the declaration. *See* **Exhibit F**. The declaration conspicuously did <u>not</u> state that the declarant had mailed the documents, any basis for the declarant's knowledge, nor that the declarant had any personal knowledge at all.

30.     Along with the declaration (Exhibit F) a copy of the certified mail envelope was filed with the court, although the return receipt was not filed. Instead, a USPS tracking page was filed, showing that the purported January 24, 2014 mailing was rejected for an insufficient address in Redmond, Washington on January 25, 2014.

31.     The ultimate signatory, on January 29, 2014, for the rejected mailing was a "Robb Kristianson" whose name was both signed and indicated by a pre-made stamp. This person is not known to Plaintiff.

Complaint - 5

**ANDERSON LAW OF KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

32.     On July 30, 2014, Defendants moved for a judgment and order to pay on the $33.57 held by Bank of America, despite the fact that the costs ($82.82) exceeded the amount that would be received from the bank.

33.     Furthermore, it would have been obvious that $33.57 would be below the exemption amount, had John McCullough been properly served with the notice of garnishment.

34.     Defendants did obtain the judgment and order to pay on July 30, 2014.

35.     In November 2014, Defendants sought and obtained a wage garnishment. The garnishment ordered John McCullough's employer to withhold wages and remit to Defendants.

36.     Defendants filed no certificate of service for the wage garnishment, although they listed Mr. McCullough's address as being the Redmond address which was already rejected as an invalid address.

37.     At some point in late December 2014 or early January 2015, John McCullough was notified by his own employer that his wages were being garnished. **This was the first time he was aware of the matter**, and, finally being provided with a copy of the wage garnishment (from his own employer), he was able to see the existence of the collection lawsuit, the case number, and the parties to the action.

38.     John McCullough repeatedly attempted to resolve the matter with Defendants but was rebuffed at every opportunity. He was told that this was a "Washington Mutual account" and that he needed to pay.

39.     Due to the garnishments described above, Defendants have wrongfully taken approximately $8,000 from John McCullough and this amount continues to rise.

40.     As a result of the Defendant's behavior detailed above, Plaintiff suffered and continue to suffer financial uncertainty and unease, emotional distress, wrongfully increasing

Complaint - 6

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1 | amounts allegedly owed due, and on information and belief, damaged credit.

2 | ### III. CAUSES OF ACTION

3 | **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

4 |     41.    With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

5 | 1692a(3) and Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6).

6 |     42.    With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

7 | 19.16.100(11) and Defendants are a collection agency as defined by RCW 19.16.100(2).

8 |     43.    Defendants' actions in the collection lawsuit constitute actionable debt collection.

9 | *McCollough v. Johnson, Rodenburg, Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011); *Donohue v.*

10 | *Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).

11 |     44.    The discovery rule applies in FDCPA cases. *Mangum v. Action Collection Serv.,*

12 | *Inc.*, 575 F.3d 935, 941 (9th Cir. 2009).

13 | **Counts I through XI**

14 |     45.    A debt collector may not use any false, deceptive, or misleading representation or

15 | means in connection with the collection of any debt.  15 U.S.C. § 1692e.

16 |     46.    Nearly all of Defendants' activities described above are false, deceptive, and/or

17 | misleading, including but not limited to the following as separate and distinct violations:

18 |         a.    Improper service of a lawsuit on Plaintiff at an address where he has never

19 |                 resided;

20 |         b.    Submitting a false and/or inaccurate affidavit of service from a separately-

21 |                 captioned case with no ability to identify the actual affiant;

22 |         c.    Submitting a false and/or inaccurate affidavit (purportedly on behalf of Asset

23 |                 Acceptance, LLC) in support of the motion for default judgment;

Complaint - 7

**ANDERSON LAW OF KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

d. Claiming that Asset Acceptance purchased the account from Washington Mutual;

e. Filing suit on an account which was not supported by any actual evidence that John McCullough owed Asset Acceptance anything;

f. Filing suit on an account when the limited amount of evidence showed variously that the alleged obligation arose out of a Providian Bank account, but which was also represented as being owed to Washington Mutual, FIA Card Services NA, and Asset Acceptance;

g. Demanding $650.00 in attorney's fees in the motion for default judgment, despite having established no entitlement to any fees, and/or those fees specifically;

h. Failing to properly serve Plaintiff with garnishment paperwork on at least three separate occasions in violation of RCW 6.27.130(3) (requiring both i) an affidavit of service *executed by the person making the mailing* and ii) attaching the return receipt or the mailing itself if returned undeliverable)

i. Seeking garnishment amounts in excess of the mandatory exemption amounts listed in RCW 6.15.010(1)(c)(ii)(A)(II) ($500 in bank accounts);

j. Seeking a second garnishment from the Bank of America account and representing that there was "reason to believe" that there would be additional non-exempt funds in the account only 30 days after the prior garnishment was concluded; and

k. Continuing to pursue the second garnishment despite the obvious fact that doing so would result in a net increase in the amount owed on the judgment, thus further impoverishing Plaintiff.

47.    Defendants therefore violated 15 U.S.C. § 1692e, including but not limited to §

Complaint - 8

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S.
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

1    1692e(2), (5), and (10), in at least eleven (11) different instances.

2                          **Counts XII through XXI**

3        48.    A debt collector may not use unfair or unconscionable means to collect or attempt

4    to collect any debt, including but not limited to, the collection of any amount (including any

5    interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

6    expressly authorized by the agreement creating the debt or is permitted by law.  15 U.S.C. §

7    1692f, f(1).

8        49.    Plaintiff realleges paragraph 46 as separate and distinct violations and causes of

9    action.

10       50.    Defendants therefore violated 15 U.S.C. § 1692f in at least eleven (11) different

11   instances.

12                            **Count XXII**

13       51.    A debt collector may not engage in any conduct the natural consequence of which

14   is to harass, oppress, or abuse <u>any person</u> in connection with the collection of a debt.  15 U.S.C.

15   § 1692d (emphasis added).

16       52.    Plaintiff realleges paragraph 46, all of which constitutes harassment and

17   oppression of Plaintiff.

18       53.    Defendants therefore violated 15 U.S.C. § 1692d.

19                            **COUNT XXIII**

20       54.    Within five days after the initial communication with a consumer in connection

21   with the collection of any debt, a debt collector must send the consumer a written notice

22   containing, among other things, the amount of the debt, the name of the creditor, and several

23   statements required by law.  15 U.S.C. § 1692g(a).

Complaint - 9

**ANDERSON LAW OF
KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

55.     Despite Plaintiff's repeated contacts with Defendants in and around December 2014 or January 2015, he never once received a single writing from Defendants, let alone a writing which contained this information.

56.     Defendants therefore violated 15 U.S.C. § 1692g(a).

**COUNT XXIV**

57.     Debt collectors must bring legal actions in the county in which a consumer resides or the county in which the consumer signed the contract sued upon. 15 U.S.C. § 1692i(a).

58.     John McCullough never signed any agreement in Snohomish County, nor did John McCullough reside in Snohomish County at any time since 2007.

59.     Defendants therefore violated 15 U.S.C. § 1692i.

**Count XXV**

60.     RCW 19.16.250, through RCW 19.16.110 and RCW 19.16.260, requires that collection agencies obtain licenses.

61.     Defendants initiated the collection lawsuit without having obtained collection agency licenses.

62.     Defendants therefore violated RCW 19.16.250.

**Count XXVI**

63.     RCW 19.16.250(16) prohibits threats to take actions that cannot legally be taken.

64.     As Defendants could not lawfully collect the alleged debt, or at least some components thereof, Defendants therefore violated RCW 19.16.250(16).

**Count XXVII**

65.     The provisions of RCW 19.16.250(9) require Defendant to provide the information mandated by RCW 19.16.250(8)(c) in the initial communication through legal

Complaint - 10

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1 | process.

2 |      66.     On information and belief, the summons and complaint would have been the first

3 | communication to Plaintiff, although Plaintiff was never served with the collection lawsuit.

4 |      67.     Defendants did not communicate the amount owing on the original obligation,

5 | and in the complaint, stated nearly nothing of meaning.

6 |      68.     Defendants therefore violated RCW 19.16.250(9).  In the alternative, if the

7 | summons and complaint were not the first communication, any prior communication did not

8 | contain this information and therefore violated RCW 19.16.250(8).

9 | **Counts XXVIII through XXXI**

10 |      69.     Violations of RCW 19.16.250 are per se violations of the Consumer Protection

11 | Act, RCW chapter 19.86.  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to

12 | a limit of $25,000) and attorney's fees.

13 |      70.     Plaintiff therefore realleges Counts XXV through XXVII as separate Consumer

14 | Protection Act violations.

15 | **IV.  PRAYER FOR RELIEF**

16 | WHEREFORE, Plaintiff prays:

17 |      71.     For Judgment against Defendant for actual damages.

18 |      72.     For statutory damages of $1,000.00, per Defendant, for FDCPA violations.

19 |      73.     For statutory damages of $2,000.00 per violation, per Defendant, for Washington

20 | Collection Agency Act and Consumer Protection Act violations.

21 |      74.     For treble damages, pursuant to RCW 19.86.090, calculated from the damages

22 | determined by the court.

23 |

Complaint - 11

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

75. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3) and/or RCW 19.86.090.

Respectfully submitted this 1⁄8th day of March, 2015.

ANDERSON LAW OF KING COUNTY, PLLC

By:_____

Jason D. Anderson, WSBA No. 38014
Attorney for John McCullough
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 12

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

Exhibit A
Page 12 of 27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

157805

**FILED**

08 OCT 30 AM 11:31

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH


CL12661157

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR
SNOHOMISH COUNTY

| FIA CARD SERVICES NA | PLAINTIFFS | NO. 08  2  07495  0 |
| --- | --- | --- |
| | | (AFFIDAVIT OF SERVICE) |

JOHN C MCCULLOUGH
THERESA A MCCULLOUGH          DEFENDANTS

STATE OF: WASHINGTON
COUNTY OF: SNOHOMISH

The undersigned, being first duly sworn, on oath deposes and says: That I am now and at all times herein mentioned was a citizen of the United States and resident of the state of Washington, over the age of eighteen years, not a party of or interested in the above entitled action and competent to be a witness therein: That on the 4th day of June 2008, at 6:45 PM, at the address of: 23825 15th Ave. S. E. #320 Bothell Wa 98021, within Snohomish county, Washington, I duly served: a summons and complaint, notice to service members and their dependants, in the above entitled action upon: Theresa A McCullough, defendant therein named, by delivering a true and correct copy and leaving the same with: Theresa A McCullough. That on the 4th day of June 2008, at 6:45 PM, at the address of: 23825 15th Ave. S. E. #320 Bothell Wa, within Snohomish county Washington, this affiant duly served same as above, in the above entitled action upon: John C McCullough, defendant therein named, by delivering a true and correct copy for said defendant at his residence by leaving with a person who claimed to be: Theresa A McCullough, being a person of suitable age and discretion, residing therein. Affiant further states that I believe that neither of said defendants are in the military service of the United States.

SERVICE FEES:
SERVICE:           20.00
MILEAGE:           45.00
AFF/NOTARY:        12.00
SPECIAL/OTHER:
TOTAL:             77.00

B. Munro #13851

Signed, sworn to before me this 8th day of June 2008

Randall P. Haines
Notary public in and for the state of Washington
My appointment expires: AUGUST 7, 2009
COMMISSION EXPIRES:
AUGUST 7, 2009

ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

157805

STATE OF MICHIGAN        )
                         )   ss
COUNTY OF MACOMB         )

ASSET ACCEPTANCE, LLC              )
                                   )
        Plaintiff,                 )
                                   )
vs                                 )
                                   )        **AFFIDAVIT**
JOHN C MCCULLOUGH                  )
                                   )
        Defendant,                 )
                                   )

I, _NAZZO4_____ being first duly sworn deposes and states:

That I am the Supervisor of ASSET ACCEPTANCE, LLC a Limited Liability company organized and existing under the laws of the State of Delaware and doing business at P.O. BOX 2041, WARREN, MI 48090.

That there is justly due and owing on the account, the sum of $7224.74 representing the charged off amount and interest.

That the said account originally with WASHINGTON MUTUAL, account number 4031155000089901, has been purchased by ASSET ACCEPTANCE, LLC, who now owns said account and has all rights connected therewith including the right to institute this action.

Dated this 28th day of July, 2008.

_____
Supervisor

Subscribed and sworn to before me, a Notary Public for the State of Michigan, the 28th of July, 2008 as certified by my hand as set forth immediately below.

_____
Notary Public

```
C UNDERWOOD
Notary Public - Michigan
Wayne County
My Commission Expires Feb 12, 2012
Acting in the County of Mt Livin
```

31742448
3042 NAT'L ATTY NETWORK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT C

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

BST 134924

| | PAYMENT DUE DATE | MINIMUM PAYMENT | BALANCE AS OF 05/11/2005 | ACCOUNT NUMBER |
|---|---|---|---|---|
| | 06/07/05 | $1,225.00 | $5,704.58 | 4031-1550-0089-9901 |

Inq: Box 660487 Dallas TX 75266-0433

Indicate Change of Address Below (use blue or black ink)

AMOUNT ENCLOSED (use blue or black ink)

Address _____ Apt ___

City _____ State ___ Zip ___

Home Phone _____ Work Phone _____

$ ☐☐☐☐☐☐☐

Make Checks Payable to Providian

E-Mail _____

PROVIDIAN PROCESSING SVCS.
P.O. BOX 660487
DALLAS TX 75266-0487

JOHN C MCCULLOUGH
5427 64TH ST SE
SNOHOMISH WA 98290-6000

176551

4031155000089901 0122500 0570458 0090000 04

DETACH HERE

C COLR9901 6192 0891 B4B 7 050511 Page 1 of 1 N 000 176551

**Important Messages**

YOUR ACCOUNT IS PAST DUE AND OVER ITS CREDIT LIMIT. Please pay the minimum payment listed above along with the overlimit amount immediately or call us at 1-800-280-9441.

**Account Summary**

| | | | |
|---|---|---|---|
| Account Number | | Previous Balance | $5,627.54 |
| Statement Date | 05/11/05 | Credits & Payments | $0.00 |
| Minimum Payment or Amount Past Due | | Purchases & Other Charges | $0.00 |
| Credit Line | $3,460.00 | Cash Advances | $0.00 |
| Available Credit | $0.00 | FINANCE CHARGES | $77.04 |
| Available Credit for Cash Advances as of 05/11/05 | $0.00 | NEW BALANCE | $5,704.58 |
| Days in Current Billing Cycle | 30 | | |

**Transactions**

| Tran Date | Post Date | Description | Reference Number | Amount |
|---|---|---|---|---|
| May 09 | May 09 | LATE PAYMENT CHARGE | 0000 | $39.00 |

FOR BILLING ERRORS AND IMPORTANT INFORMATION, SEE REVERSE SIDE.

**Balance Category**

| | Average Daily Balance | Daily Periodic Rate | Annual % Rate (APR) | Finance Charges | Grace Terms |
|---|---|---|---|---|---|
| Standard Purchase - Current Cycle | $3,210.86 | .0822%* | 29.99%* | $79.18 | Term A |
| Standard Cash - Current Cycle | $2,386.97 | .0822%* | 29.99%* | $59.88 | Term B |

ANNUAL PERCENTAGE RATE this billing cycle: 29.99%    *These rates may vary.

For 24-hour Automated Account Information, please call 1-800-280-0861 or visit us at www.providian.com

Your account is issued by Providian National Bank, Tilton, NH.

31742458

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT D

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

FILED

2013 DEC -2 PM 3: 58

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH



CL16351297

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

ASSET ACCEPTANCE LLC

                Plaintiff,

vs.

JOHN C MCCULLOUGH
THERESA A MCCULLOUGH

                Defendant,

BANK OF AMERICA

                Garnishee Defendant.

NO. 08-2-07495-0

DECLARATION OF MAILING

s/h 137805.001

I am an employee of Suttell & Hammer and declare and state as follows:

I am over the age of twenty-one years, not a party to the above entitled proceeding and competent to be a witness therein.

On 10-10-13, a certified copy of the WRIT OF GARNISHMENT, NOTICE OF RIGHTS, EXEMPTION CLAIM, and a copy of the ORDER OF DEFAULT JUDGMENT was mailed to:

JOHN C MCCULLOUGH
1321 187th CT NE
Redmond WA 98172

On 10-10-13, a certified copy of the WRIT OF GARNISHMENT and ONE ANSWER FORM was mailed to:

DECLARATION OF MAILING - 1

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX

BANK OF AMERICA
DE5-024-02-08
WILMINGTON DE 19850

By placing said documents in a sealed envelope, with certified postage.

Declarant further states that the foregoing statements are true and correct to the best of her knowledge and belief, subject to perjury under the laws of the State of Washington.

Dated: November 18, 2013

( ) Kesha Fountain
(✓) Brandon Lemargee
s/h.157805.001

DECLARATION OF MAILING - 2

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239, FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT E

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

Exhibit A
Page 22 of 27

FILED

**FILED**

2014 JAN 16 PM 3:50

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

CL16686808

Snohomish County Superior Court
Sonya Kraski
County Clerk
Everett WA

08-2-07495-0

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 01/16/2014 | 01/17/2014 | 03:57 PM |

| Receipt/Item # | Tran-Code | Docket-Code |
|---|---|---|
| 2014-04-00416/01 | 1110 | 1FFRAF |
| Cashier: EKH | | |

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON Cwell & hammer, ps
IN AND FOR THE COUNTY OF SNOHOMISH Transaction Amount:        $20.00

ASSET ACCEPTANCE LLC

                                    Plaintiff,

vs.

JOHN C MCCULLOUGH
THERESA A MCCULLOUGH

                                    Defendant,

BANK OF AMERICA,

                                    Garnishee Defendant.

NO. 08-2-07495-0

DECLARATION FOR GARNISHMENT

s/h 157805.001

The undersigned declares and states as follows:

1.   He or she is the attorney for plaintiff herein and makes this declaration for the purpose of having issued a Writ of Garnishment.

2.   Plaintiff has a judgment which is wholly or partially unsatisfied, judgment dated October 30, 2008 in the amount of $8576.32 plus post-judgment interest and any post-judgment costs and fees awarded by the court, less payments for a balance due of $8585.95 as of January 2, 2014.

3.   The plaintiff's legal representative has reason to believe and does believe that the garnishee BANK OF AMERICA, whose address is DE5-024-02-08, WILMINGTON DE 19850: Is indebted to the defendant in amounts exceeding those exempt from garnishment by any state or federal law, or that the garnishee has possession or control of property or effects belonging to the defendant which are not exempted from garnishment by any state or federal law.

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX

4

13

4.     The Garnishee is not the defendant's employer.

5.     The garnishment applied for herewith is not sued out to injure either the defendant or the garnishee.

6.     Declarant states that the foregoing is true and correct to the best of his/her knowledge and belief subject to the penalty of perjury under the laws of the State of Washington.

DATED January 2, 2014, at Bellevue, WA.

( ) Karen L. Hammer, WSBA #35608
( ) Isaac Hammer, WSBA #36101
( ) Patrick J. Layman, WSBA #5707
( ) Malisa L. Gurulé, WSBA #40602
( ) Nicholas R. Filer, WSBA #39536
( ) Kristen E. Care, WSBA #43717
( ) Peter G. Marcek, WSBA #43094
( ) Sarah E. Davenport, WSBA #45269
Attorneys for Plaintiff
PO Box C-90006
Bellevue, WA 98009
425.455.8220
s/h 157805.001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT F

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

FILED

2014 JUL 30 PM 1: 15

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH



CL16772987

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

ASSET ACCEPTANCE LLC

                        Plaintiff,

vs.

JOHN C MCCULLOUGH
THERESA A MCCULLOUGH

                        Defendant,

BANK OF AMERICA

                 Garnishee Defendant.

NO. 08-2-07495-0

DECLARATION OF MAILING

s/h 157805.001

I am an employee of Suttell & Hammer and declare and state as follows:

I am over the age of twenty-one years, not a party to the above entitled proceeding and competent to be a witness therein.

On 01-24-14, a certified copy of the WRIT OF GARNISHMENT, NOTICE OF RIGHTS, EXEMPTION CLAIM, and a copy of the ORDER OF DEFAULT JUDGMENT was mailed to:

    JOHN C MCCULLOUGH
    1321 187th CT NE
    Redmond WA 98172

DECLARATION OF MAILING - 1

SUTTELL & HAMMER, P.S.
PO Box C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX



1    On 01-24-14, a certified copy of the WRIT OF GARNISHMENT and ONE

2    ANSWER FORM was mailed to:

3        BANK OF AMERICA
         PO BOX 15047
4        WILMINGTON, DE 19850

5        By placing said documents in a sealed envelope, with certified postage.

6        Declarant further states that the foregoing statements are true and correct to the best of

7    her knowledge and belief, subject to perjury under the laws of the State of Washington.

8        Dated: July 9, 2014

9

10

11       _____
         (✓) Brandon Lemargee
12       ( ) TuUyen Huynh
         ( ) Megan Gilchrist
13       s/h.157805.001

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF MAILING - 2

SUTTELL & HAMMER, P.S.
PO BOX C-90006
BELLEVUE, WA, 98009
425-455-8220/425-453-3239 FAX